ALBION J. POTTER *versus* BENJAMIN C. SEWALL.

In an action upon a receipt, stipulating that the defendant, "for value received," promised "to pay" the plaintiff "$500, or redeliver nine masts which" the plaintiff "has taken by virtue of a writ" described; that, for an acknowledged consideration, the defendant agreed to "safely keep and redeliver said masts to the" plaintiff, "or his order, on demand; and that, if no demand were made within 30 days from the rendition of judgment, he would redeliver said masts, that they might be taken on execution, as they were attached and were the property of the defendant in said writ:"—*Held*,

1. That evidence that, when he gave the receipt, the defendant had a factor's lien upon the masts for money advanced thereon to the defendant in the original writ, to an amount exceeding their value; that he then so informed the plaintiff; and that he was misled by the plaintiff, is inadmissible in the absence of fraud or mistake in fact; and

2. That a motion for a nonsuit on account of the non-production of the writ and officer's return thereon, showing an attachment of the masts, was rightfully overruled.

Under what circumstances this Court, sitting *in banc,* will refuse a motion to discharge a report in order to permit a party to prove facts alleged to have been discovered since the last preceding *nisi prius* term.

On REPORT from *Nisi Prius,* BARROWS, J., presiding.

ASSUMPSIT on the following receipt :—

"Sagadahoc ss.—Bath, May 12th, 1862.

"For value received, I promise to pay Albion J. Potter, deputy sheriff, or his order, five hundred dollars, or to redeliver nine sticks of timber, called masts, which said property the said officer has taken by virtue of a writ in favor of Theodore Littlefield and others against George Hart; the writ is dated Dec. 30, 1861, and returnable to the Supreme Judicial Court next to be holden at Alfred, within the county of York, on the fourth Tuesday of May, 1862, and in consideration of one cent, paid by the said Potter, I do hereby acknowledge and hereby promise and agree safely to keep and to redeliver all the said property above mentioned, to the said officer, to his order, or to his successor in office, on demand, to be delivered at Bath in the like good order and condition that the same is now in, free from all charge and expenses to the above named officer or creditor aforesaid ; and I agree that a demand on me shall be binding ; and I further agree that, if no demand be made, I will, within thirty days from the rendition of judgment in the action aforesaid, redeliver all the above described property as aforesaid, that the same may be taken in execution, as it is attached and is the property of the said George Hart.

(Signed,)                    "B. C. Sewall."

At the trial the plaintiff read the writ, pleadings and specifications of defence, receipt, legal copies of the judgment, execution and officer's return thereon, issued on the judgment in the original suit on which said property was attached, and rested his case. The defendant moved for a nonsuit, because the plaintiff had not shown the writ whereon the property was attached, which motion the presiding Judge overruled. The defendant then offered to prove that, when he gave the receipt in suit, he had a factor's lien upon the

property attached and mentioned in the receipt, for money advanced thereon to the defendant in the former suit to an amount exceeding the value of said property; that he then so informed the plaintiff; and that he was misled by the officer, but disclaimed the imputation of any fraud to the latter in the transaction. The presiding Judge rejected the evidence; whereupon a default was entered by consent, and if the evidence offered was inadmissible and the action was otherwise maintainable the default was to stand; but if the evidence was admissible, or if the action could not be maintained on the evidence introduced, the action was to stand for trial.

*J. M. Goodwin*, for the plaintiff.

*Tallman & Larrabee*, for the defendant.

The evidence offered was admissible at least on the question of damages. *Bursley.* v. *Hamilton*, 15 Pick , 40; *Dewey* v. *Field*, 4 Met., 381; *Drew* v. *Livermore*, 40 Maine, 268. On the motion to discharge the report, counsel cited *Allen* v. *Archer*, 49 Maine, 353.

BARROWS, J. — The wholesome rule that a party shall not be permitted to introduce parol contemporaneous evidence to contradict or vary the terms of his own unambiguous written contract, is not to be departed from because the party, having mistaken the law, may find himself under legal liabilities which he did not contemplate when he entered into that contract. Especially, now that the party is by law a witness in his own case, should the rule be adhered to which precludes him from contradicting orally that which his own written admission in the instrument declared on has established as a fact in the case by which the rights of the parties are to be determined.

The defendant in his written contract with the plaintiff, entered into without fraud or mistake of fact, and upon a valuable consideration, has said in so many words that the property attached is the property of George Hart, the

debtor, and by that writing he undertook and promised to do one of two things—either to deliver that property to the plaintiff within thirty days from the rendition of judgment in the suit against Hart, or to pay five hundred dollars. The judgment has been rendered, yet the defendant has done neither of the things which he thus agreed to do, but proposes to defend the plaintiff's suit upon the broken contract by showing that he himself had a factor's lien upon the property for money advanced to an amount exceeding its value.

The case in its essential circumstances is not more favorable to the maintenance of such a defence than was that of *Drew* v. *Livermore*, 40 Maine, 266,—where Livermore, having made advances towards the building of a vessel and taken a mortgage thereof, afterwards, when an officer attached the vessel for a debt of the builder, gave a receipt therefor to the amount of $500, and it was held that he could not avoid his liability thereupon for the debt and cost in the suit in which she was attached, by showing that his claim exceeded the value of the vessel, though he proposed also to prove that he denied the validity of the attachment when it was made, and signed the receipt under the advice of counsel that it would not preclude him from contesting it in a suit thereupon. The same mistake in matter of law was made by the receipter there as here. The same line of argument in defence was pursued in that case as in this. But, unfortunately for the receipters, it has been established by a series of decisions in this State that, where a receipt of this description has been given, the receipters are not to be regarded as the mere servants of the officer; that the officer is to rely upon their contract as his security, and not upon the property itself, ( *Waterhouse* v. *Bird*, 37 Maine, 329,) and that he cannot rid himself of liability to the creditor by showing that the goods attached were the property of the receipter. *Penobscot Boom Corp.* v. *Wilkins*, 27 Maine, 350.

They must not, then, be permitted to evade their contract with him, by proof of contemporaneous conversations inconsistent with its obligations. Men must not enter into written stipulations to do that which is inconsistent with their own rights in property, if they would not be held to have waived those rights, and to be bound by their stipulations.

In *Bursley* v. *Hamilton*, 15 Pick., 40, by the terms of the receipt, it would seem that the defendant merely became the' servant of the officer for the safe keeping of the property attached.

In all these cases, to avoid confusion, the particular terms of the contracts are to be regarded, and, by them, the rights of the various parties interested are to be determined.

Here, as in *Drew* v. *Livermore, ubi sup.*, and in *Smith* v. *Mitchell*, 31 Maine, 288, it must be said of the defendant, "he entered into a written contract, the terms of which are clear and explicit. There is no suggestion that any fraud was practiced upon him, nor that he acted under mistake of fact in relation to the matter. By that contract he must be bound."

In that contract he admitted the attachment. The motion for the nonsuit, on account of the non-production of the writ and officer's return thereon, was therefore rightly overruled, and, for reasons above given, the testimony offered was rightly excluded.

The defendant moved, in the Law Court, June term, 1866, to have the report (which was made up at the August term, 1865,) discharged, in order to permit him to prove what he says he has discovered since the last *nisi prius* term in this county—that the officer returned the attachment of the logs subject to *his* lien claim. Even if he could have been permitted, in the face of his own admission in the contract, to set up the insufficiency or invalidity of the attachment, reasonable diligence would have enabled him to present the proof at the time of the trial. The action was entered at the December term, 1864. The trial did not take place until the third term, and two more terms subsequently elapsed

before the filing of this motion. To allow it, under such circumstances, would go far towards making the needless vexations and delays attendant upon litigation interminable. We will set no such precedent for the indulgence of laches.
*Judgment for the plaintiff.*

CUTTING, WALTON DANFORTH and TAPLEY, JJ., concurred.